# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 4960 | **DATE** | 8/30/2004 |
| **CASE TITLE** | AVENELL EASON BROWN, et al vs. OZARK WAFFLES, LLC, WAFFLE HOUSE | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. The motion to quash is granted in part and denied in part. The matter having been fully briefed, and now decided, we see no reason for the parties to appear on September 9, 2004.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | AUG 3 1 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 6 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | LG | courtroom deputy's initials | 2004 AUG 30 PM 2:18 | date mailed notice |
| | | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AVENELL EASON BROWN, )
CAROLYN EASON, LENA EASON )
KENNEDY, )
)
Plaintiffs, )
)
vs. ) No. 04 C 4960
)
OZARK WAFFLES, LLC, WAFFLE )
HOUSE, INC., )
)
Defendants. )

MEMORANDUM OPINION AND ORDER

Three sisters are suing Ozark Waffles, LLC and Waffle House, Inc. for alleged discrimination in the Eastern District of Texas. One of the plaintiffs, Carolyn Eason, was, for four or five years during her long employment by Abbott Laboratories, Inc., Complaint Coordinator for reviewing and responding to complaints and concerns raised by Abbott's customers. She has since retired. Defendant Waffle House has subpoenaed her personnel records from Abbott and she has moved to quash, and for a protective order. That motion has generated considerable heat, but not much light over not very much.

The suit alleges that the plaintiffs were denied service at a restaurant in Texas because of their race. Abbott personnel records have no relevance to that allegation. But plaintiffs also allege that both defendants failed to conduct a full and adequate investigation or otherwise provide adequate redress, presumably because no one interviewed plaintiffs. Plaintiff Eason was questioned during her deposition about how she handled complaints while employed as Complaint Coordinator at Abbott, particularly whether or not she interviewed the complaining witnesses. She testified she did not and, further, she believed her investigations



to be adequate. Apparently defendant Waffle House hopes to confirm those investigation practices, although it seems unlikely that personnel records would shed any light on that, and to confirm, by the absence of records, that she never expressed any dissatisfaction with those practices – assuming that such expressions were included in personnel records. The likelihood that anything useful for defendants, or more useful than her deposition testimony, is, at best, remote. And it is, besides, a collateral issue. If plaintiffs' allegations are true, Ozark Waffles is liable and Waffle House is liable if it is answerable for transgressions of waitresses in the restaurant at Texarkana. Whether or not practices at Abbott, and plaintiff Eason's evaluation of them, are even relevant to the adequacy of practices by defendants, is an evidentiary call to be made by the trial judge.

On the other hand, Abbott has no objection to producing the documents, their production requires no effort by plaintiffs, they may possibly be relevant and it is difficult to fathom how their production would embarrass plaintiff Eason. Defendant has expressly recognized that it is not seeking medical information, and it is willing to forego benefits and payroll information as that might disclose medical information. We think we can further confine the production to focus in on what defendant purportedly wants – documents in plaintiff Eason's personnel records that relate to Abbott's investigation practices or her evaluation of and comments about those practices.

The motion to quash is granted in part and denied in part, as indicated above. The matter having been fully briefed, and now decided, we see no reason for the parties to appear on September 9, 2004.

JAMES B. MORAN
Senior Judge, U. S. District Court

Aug. 30, 2004.